# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JESSE B. HOLMES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LARRY A. ATKINSON,<br><br>　　　　　Defendants. | Case No. 2:10-cv-01774-PMP-PAL<br><br>**ORDER**<br><br>(IFP App- Dkt. #1) |

**I.**   *In Forma Pauperis* **Application**

    This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1). Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule IB 1-9. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.**   **Screening the Complaint**

    Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff alleges that on October 3, 2010, he accepted an invitation to stay in Defendant's hotel room, located at the Stratosphere Hotel in Las Vegas, Nevada, because Plaintiff was homeless. Plaintiff stayed in Defendant's hotel room on the evenings of October 3, 2010, and October 4, 2010. During that time, Plaintiff alleges that Defendant made sexual advances toward Plaintiff, and Defendant touched Plaintiff without Plaintiff's consent. Plaintiff alleges he suffered emotional distress and seeks damages of $15,000.00. Plaintiff attached a police report as an exhibit to his Complaint describing the alleged incident.

Plaintiff's Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). It appears, based on the police report attached to the Complaint, that Defendant is employed by Cancer Treatment Center of America at Western Regional Medical Center in Arizona. Plaintiff has presented no facts to establish that Defendant is a state actor. Thus, Plaintiff has not stated a claim under 42 U.S.C. § 1983.

/ / /

1    Additionally, Plaintiff has not alleged a basis for federal jurisdiction.  Federal courts are courts
2 of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See*
3 *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Plaintiff has not alleged federal jurisdiction exists in this
4 case, nor has he stated any federal claim at all. Plaintiff's claims against Defendants are tort claims
5 arising under state law, and no federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists.
6 Additionally, Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.
7 Although Plaintiff has alleged Defendant is employed in Arizona, he has not alleged that Defendant is a
8 resident of Arizona or that the damages in this case exceed the jurisdictional minimum of $75,000.
9 Thus, Plaintiff's Complaint will be dismissed with leave to amend.
10    If Plaintiff chooses to amend the complaint, he must set forth the grounds upon which the
11 court's jurisdiction depends.  Fed. R. Civ. P. 8(a); LR 8-1.  Additionally, the complaint must contain a
12 short and plain statement of each claim showing that plaintiff is entitled to relief.  *See* Fed. R. Civ. P.
13 8(a)(2). In addition, Plaintiff is informed that the court cannot refer to a prior pleading (his original
14 complaint) in order to make the amended complaint complete.  This is because, as a general rule, an
15 amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
16 1967).  Additionally, LR 15-1 requires that an amended complaint be complete in itself without
17 reference to any prior pleading.  Once Plaintiff files an amended complaint, the original complaint no
18 longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
19 each claim and the involvement of each defendant must be sufficiently alleged.
20    Based on the foregoing, and good cause appearing,
21    **IT IS ORDERED** that:
22        1.    Plaintiff's Application to Proceed *in forma pauperis* is **GRANTED.**  Plaintiff
23            shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
24        2.    Plaintiff is permitted to maintain this action to conclusion without the necessity
25            of prepayment of any additional fees or costs or the giving of a security therefor.
26            This Order granting leave to proceed *in forma pauperis* shall not extend to the
27            issuance of subpoenas at government expense.
28        3.    The Clerk of the Court shall file the Complaint.

    4.     Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty days from the date that this Order is entered to file an Amended Complaint, if he believes he can correct the noted deficiencies.

    5.     Failure to comply with this Order will result in a recommendation to the district judge that Plaintiff's Complaint be dismissed.

Dated this 31st day of January, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE